# UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Joel E. Sannes (#015999)
Carson T.H. Emmons (#024094)
Telephone: 480.461.5300
jes@udallshumway.com
cthe@udallshumway.com
docket@udallshumway.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Marc A. Asbury, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, LLC, a/k/a Ram Trucks,<br><br>Defendants. | No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Marc A. Asbury, ("Plaintiff") through undersigned counsel, complains of the Defendants, FCA US, LLC, as follows:

**PARTIES**

1. Plaintiff is, and at all times relevant to this Complaint was, a resident of the State of Arizona.

2. Defendant FCA US LLC is a Delaware limited liability company with a principal place of business in the State of Michigan. Defendant is registered as a foreign company doing business in Arizona.

## JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1332 (diversity jurisdiction). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and pursuant to 28 U.S.C. § 1391(c)(2) because Defendant is considered a resident in this District.

## DEMAND FOR JURY TRIAL

6. Plaintiff demands a jury trial on all claims triable to a jury.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. On or about December 30, 2020, Plaintiff purchased a 2020 Ram 2500 Diesel pickup ("the Vehicle") from Defendant's authorized dealer, Earnhardt Chrysler Jeep Dodge Ram ("Earnhardt").

8. The vehicle is equipped with a Cummins 6.7L Turbo Diesel engine. On information and belief, the engine was in a production run that was on or after August 3, 2020.

9. On March 11, 2020 the National Highway Safety Administration ("NHSTA") issued a Safety Recall Report ("Recall Report") for Ram 2500 trucks equipped with a Cummins 6.7L Turbo Diesel engine manufactured between August 3, 2020 and January 8, 2021.

10. The Vehicle was in the class of vehicles that were the subject to the Recall Report.

11. The NHSTA Recall Report identified that vehicles that were the subject of the Recall Report could experience an engine compartment fire originating from the Solid State Intake Heater Grid Relay ("Grid Relay").

12. On March 26, 2021, Plaintiff parked the Vehicle outside of his home. After the Vehicle was parked, while Plaintiff was inside his home, Plaintiff heard an explosion. Plaintiff then discovered that the Vehicle had caught fire in the engine compartment.

13. Plaintiff was able to suppress the fire using a garden hose.

14. Plaintiff sustained personal injuries while suppressing the fire, including pain and suffering.

15. Plaintiff's real property was damaged by the fire when the fire scorched brick pavers where the Vehicle was parked and caught fire.

16. The fire rendered the Vehicle inoperable.

17. On information and belief, the damage from the fire is such that the Vehicle cannot be repaired and made operational.

18. Beginning on or about March 26, 2021, Plaintiff made demands on Earnhardt to repair or replace the Vehicle.

19. Earnhardt refused to repair or replace the Vehicle.

20. Earnhardt referred Plaintiff to Defendant to make a request to repair or replace the Vehicle.

21. Defendant was afforded an opportunity to inspect the Vehicle and did inspect the Vehicle on or about April 28, 2021.

22. Following its inspection, Defendant notified Plaintiff in writing that Defendant denied responsibility for the fire.

23. The origin of the fire was the Grid Relay.

24. The cause of the fire was a defect in the manufacture of the Vehicle, specifically the Grid Relay.

25. Defendant knew the class of vehicles that included Plaintiff's Vehicle was compromised and presented an unreasonable safety risk due to the risk of fire.

26. Despite knowing the risk that the Vehicle might catch fire due to a defect in the Grid Relay, Defendant failed to notify Plaintiff of the risk, and did not take any actions to protect Plaintiff from the risk.

27. Plaintiff was unaware before the Vehicle caught fire that it may be subject to the NHTSA Recall Report.

28. Since on or about March 26, 2021, Plaintiff has not been able to use the Vehicle.

29. Defendant provided an express warranty for the Vehicle that provided for the cost of repairs needed to repair any item on the Vehicle that was defective in material, workmanship or factory preparation.

30. The term of the express warranty was for 36 months or 36,000 miles of use of the Vehicle.  The Vehicle was and is within the express warranty period.

# COUNT I

## VIOLATIONS OF 15 U.S.C. § 2301, *ET SEQ.*

## THE MAGNUSON-MOSS WARRANTY ACT

31. All the foregoing allegations are repeated and realleged as though fully set forth herein.

32. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

33. Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)–(5).

34. The Class Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

35. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

36. The amount in controversy is greater than $25.00.

37. Defendant's warranty provided to Plaintiff is a written warranty within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

38. Plaintiff is also entitled to an implied warranty under Arizona law that the Vehicle was merchantable and fit for its intended use.

39. Defendant breached the express and implied warranties by failing to repair or replace the Vehicle.

40. Plaintiff has been damaged by Defendant's failure to adhere to its warranty obligations in an amount to be proven at trial but in any event an amount equal to the purchase price Plaintiff paid for the Vehicle, plus loss of use.

41. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 2310(d)(2).

## COUNT II

## BREACH OF EXPRESS WARRANTY

42. All the foregoing allegations are repeated and realleged as though fully set forth herein.

43. Defendant's express warranty to Plaintiff provided for the cost of repairs needed to repair any item on the Vehicle that was defective in material, workmanship or factory preparation.

44. Defendant breached the express warranties by refusing to repair or replace the defective Vehicle.

45. As a direct and proximate cause of Defendant's breach of express warranties, Plaintiff has been damaged in an amount to be determined at trial.

46. Defendant has not attempted to conform the Vehicle to the express warranty.

47. Defendant cannot conform the Vehicle to the express warranty because of the extent of the damage caused by the fire.

48. Plaintiff is entitled pursuant to A.R.S. § 14-1263 to a refund of the full purchase price for the Vehicle, including all collateral charges.

49. On information and belief. Defendant has not established and/or does not participate in informal dispute settlement procedure which comply in all respects with 16 Code of Federal Regulations part 703

50. This matter arises out of contract. Plaintiff is entitled to an award of his costs and reasonable attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01(A) and/or A.R.S. § 44-1265(B).

## COUNT III

## STRICT PRODUCTS LIABILITY

51. All the foregoing allegations are repeated and realleged as though fully set forth herein.

52. Defendant engineered, designed, manufactured, assembled, produced, supplied and distributed the Vehicle and its component parts and systems.

53. The Vehicle and its component parts and systems are defective.

54. The Vehicle's defective condition rendered the Vehicle unreasonably dangerous and noncompliant with the reasonable expectations of ordinary consumers with respect to safety.

55. The Vehicle's defective and unreasonably dangerous condition existed at the time the Subject Vehicle left Defendant's final possession, custody, and control, and the Vehicle remained in this defective and unreasonably dangerous condition throughout the incident forming the basis of this lawsuit.

56. Defendant knew or should have known about the Vehicle's defective and unreasonably dangerous condition when the Vehicle left Defendant's final possession, custody, and control.

57. At all times material hereto, Plaintiff used the Vehicle in a manner that was intended or reasonably foreseen by Defendant.

58. The Vehicle's defective and unreasonably dangerous condition actually and proximately caused personal injury and damage to Plaintiff, damage to Plaintiff's real property, and damaged the Vehicle in a manner that threatened to cause and did cause personal injury and damage to property.

59. Plaintiff was damaged by the Vehicle's defective and unreasonably dangerous condition in an amount to be proven at trial.

60. This matter arises out of contract. Plaintiff is entitled to an award of his costs and reasonable attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01(A).

## COUNT IV—
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS

61. All the foregoing allegations are repeated and realleged as though fully set forth herein.

62. The Vehicle is a "good" as defined by Arizona law.

63. Defendant is a merchant or seller with respect to goods like the Vehicle.

64. Defendant advertised the Vehicle as being of the highest quality, fit for the purposes that Plaintiff used the Vehicle for.

65. Defendant impliedly warranted that the Vehicle was fit and merchantable for its ordinary purposes.

66. At all times material hereto, the Vehicle was used for its ordinary purposes.

67. The Vehicle was defective, unreasonably dangerous, unfit, and unmerchantable for its ordinary purposes.

68. The Vehicle's defective, unreasonably dangerous, unfit, and unmerchantable condition actually and proximately caused injury and damage to Plaintiff.

69. Defendant breached the implied warranties of merchantability and fitness that accompanied the marketing and/or sale of the Vehicle.

70. Plaintiff was damaged by Defendant's breaches of the implied warranties of merchantability and fitness for use in an amount to be proven at trial.

71. This matter arises out of contract. Plaintiff is entitled to an award of his costs and reasonable attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01(A)

**PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1. Enter Judgment in favor of Plaintiff and against Defendant for damages to be proven at trial;

2. Grant reasonable attorney's fees and costs to Plaintiff; and

3. Grant such other and further relief as this Court deems appropriate under the circumstances.

Dated this 9th day of June, 2021.

                                    **UDALL SHUMWAY PLC**

                                    /s/ Joel E. Sannes
                                    Joel E. Sannes
                                    Carson T.H. Emmons
                                    1138 North Alma School Road
                                    Suite 101
                                    Mesa, Arizona 85201
                                    *Attorneys for Plaintiff*